UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 07

JOHN WISCHMEYER
Plaintiff,

v.

DEPUTY SHERIFF JEFFREY A. WOOD, in his official and personal capacity,
And PARK COUNTY, by and through the Park County Sheriffs Office,
A municipality,
Defendants.

---

## COMPLAINT AND JURY DEMAND

---

COME NOW Plaintiff, John Wischmeyer, by and through his undersigned attorneys, and for their causes of action against the Defendants, hereby allege and aver as follows:

### I.        PARTIES

1.      John Wischmeyer, is and was a resident of the county of Park, State of Colorado at all times relevant to this complaint.

2.      At all times referred to herein, Defendant Sheriff Jeffrey A.Wood was a sworn employee of the Denver Police Department, and acted as an agent of such department.  The Chief of Police and the officers were acting within the course and scope of their employment as members of that police department.  The defendants were similarly acting under color of law at all times relevant to this complaint.

3.      The Park County Sheriffs Office is an agency of the County of Park, State of Colorado.

4.      At all times relevant to this complaint, the above-named Defendants acts or omissions are

redressable, wrongful and harmful conduct perpetrated by Public Officials and/or persons with authority to act and bind the above-named Governmental entity against the Plaintiff as a citizen and resident of the City and County of Denver, State of Colorado, and United States of America.

## II.       JURISDICTION AND VENUE

5.      Plaintiffs' causes of action arise under the Fourth and Sixth Amendments of the U.S. Constitution, as incorporated into the Fourteenth Amendment, which prohibits unreasonable searches and seizures, unreasonable uses of force, and unlawful arrests of persons.

6.      This lawsuit seeks to redress the deprivation, under color of state law, of rights secured by the United States Constitution.  This lawsuit is authorized by 42 U.S.C. §§ 1983 and 1988. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      All of the events that give rise to the causes of action stated herein occurred within the District of Colorado.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1381(a).

## III.       GENERAL ALLEGATIONS

12.      On or about the early morning hours of September 5, 2005, Plaintiff John Wischmeyer, was beaten by the defendant Jeff Wood.

13.      The Plaintiff left his residence and was packing items in his vehicle in front of his house.

14.      The deputy sheriff approached him, on foot, and without back up officers present.

15.      The deputy sheriff then asked the Plaintiff 'whats up John", and then grabbed him and began to assault John Wischmeyer.

16.   No reason justified contact with John Wischmeyer sufficient for the use, scope and severity of force employed here.

17.   The initial dispatch to this location indicated a disturbance occurred there, but did not provide a reporting party, did not mention violence, and did not require the arrest of Mr. Wischmeyer.

18.   The deployment of force, by a solitary officer, was pursuant to policies, practices and customary but largely unwritten procedures employed by the Park County Sheriffs Office, more specifically.

19.   The Park County Sheriffs Office failed to train Deputy Wood, and failed to take any remedial measures against Deputy Wood after this assault.

20.   The Park County Sheriffs Office failed to supervise Deputy Wood, in that they

   a.   Failed to correct his practice of making sexual and emotional advances towards the wives of the men he arrested on domestic violence charges, including the Plaintiff's wife;

   b.   Failed to correct his practice of making sexual advances towards suspects and their relatives when making arrests and investigations;

   c.   Failed to recognize his conduct was unbecoming of an officer, and to make any effort to investigate his conduct despite being on notice;

   d.   Failed to correct his unauthorized and unreasonable uses of force against suspects in his custody, including this Plaintiff, and one Michael Marzonie, specifically, during the years 2005 and 2006;

   e.   Failed to correct Deputy Wood's unlawful threats and harassment of suspects who

continued to live in Park County, such as this defendant.

21. The Park County Sheriffs Office in fact promoted Deputy Wood after these various incidents, to a higher rank with more responsibility.

22. The policies and practices of the Park County Sheriffs Office violates state and federal law.

23. As a direct and proximate result of Defendant's actions, and those violations listed below as claims, Plaintiff suffered physical injury, permanent scarring, emotional injury and distress, a permanent record of arrest, medical expenses both past present and future, loss of employment and job opportunities, costs of litigation, and loss of his liberty, physical abilities and enjoyment of life.

### FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF:

### 42 U.S.C. §1983, Deprivation of Civil Rights

24. Plaintiff hereby incorporates paragraphs 1-27 of his Complaint as if specifically set forth herein, and in addition states and alleges as follows:

25. The conduct of Defendants deprived Plaintiff of the following rights, privileges, and immunities secured to him by the Constitution of the United States:

   a. The right to be secure in their persons against unreasonable seizures,

   b. and to be subject to such seizure of one's person or property only after a finding of probable cause for such detention,

   c. to be free from unreasonable uses of force against their persons,

   d. to be left at liberty without injuries caused by government actors,

26. Defendant's conduct, as previously mentioned, constituted an intentional, willful/wanton,

and/or reckless deprivation of Plaintiff's rights described above.

27.   Defendant's conduct, as previously mentioned, further constituted a deliberate indifference by Defendant to Plaintiff's rights described above.

28.   As a result of Defendant's misconduct, as previously mentioned, Plaintiff experienced pain, suffering, humiliation, degradation, and those other injuries listed herein, and is likely to experience suffering in the future.

29.   The acts of Defendant described herein were deliberate, reckless, callous, and without due regard for the rights and feelings of Plaintiff, and Plaintiff is entitled to exemplary damages.

**FIFTH CLAIM FOR RELIEF:**

**Supervisory and Municipal Liability**

30.   Plaintiff hereby incorporates paragraphs 1-29 of his Complaint as if specifically set forth herein, and in addition states and alleges as follows:

31.   For their cause of action against Defendant Park County, Plaintiff states:

32.   The Park County Sheriff's Office, as an agency of Park County, is invested by state law with the authority to make policy for the Sheriffs in its employ, on the use of force in making arrests, and to make policy on the use of the Police Department and its personnel when contacting citizens and conducting appropriate investigations.

33.   The policies of Park County, through its Sheriffs Office, allowed for the conduct, which occurred in this case, described above, and sanctioned the unlawful use of force, which policies led directly to the injuries suffered by the Plaintiff.

34.   Such policies and procedures are both written and unwritten customs and practices of the

Sheriffs Office, and were the guidelines used by the Defendant Deputy Sheriff. This conduct was investigated and was cleared in an internal investigation.

35.    Generally, as a direct and proximate result of the acts of the Defendants, as set forth herein, Plaintiff suffered medical expenses, severe mental anguish, emotional distress, anguish, fear, consternation, anxiety, embarrassment, nervousness, humiliation, injury to reputation and dignity, in connection with the deprivation of the Constitutional rights guaranteed by the Fourth, Sixth, and Fourteenth Amendments of the Constitution of the United States protected by 42 U.S.C. § 1983.  Additionally, Plaintiff has suffered special damages in the form of medical expenses for therapy and will suffer additional special damages in the future in an amount to be determined.

36.    Generally, the acts of the Defendants as set forth above were wanton, malicious and oppressive, thus entitling Plaintiff to an award of exemplary damages.

### IV. JURY DEMAND

WHEREFORE, Plaintiff respectfully pray for judgment as follows:

1.    For compensatory and special damages against all Defendants in an amount to be proven at trial, plus statutory interest from the date of injury forward;

2.    For exemplary and punitive damages against Defendants in an amount to be proven at trial, plus statutory interest from the date of injuries forward;

3.    For costs of suit herein, including Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

4.    For such other relief as the Court deems proper

Respectfully submitted this 5th day of September 2007.


____/s_*Richard Wynkoop*_____
Richard Wynkoop
Wynkoop & Thomas PC
4410 Yates Street
Denver, CO 80212
720-855-0451
**Attorney for Plaintiff**