IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 07-CV-01863-LTB-MJW

JOHN WISCHMEYER
Plaintiff,

v.

DEPUTY SHERIFF JEFFREY A. WOOD, in his official and personal capacity,
And PARK COUNTY, by and through the Park County Sheriffs Office,
A municipality,
Defendants.

## RESPONSE TO ORDER TO SHOW CAUSE

Comes now the Plaintiff by and through counsel Brian DeBauche, Esq. and responds to the order to show cause and states:

1. This case was filed September 5, 2007, as a limitations period was about to expire. As such the complaint was drafted without a great deal of review, and certain mistakes appear in the drafting.

2. This counsel is a substitute for the original counsel on the case, and endeavored to assess the claims and potential defenses post-filing. The research involved in any municipal liability claim is not simple or quick, and time was spent assessing the complaint in its current form.

3. After review it appeared that the complaint would need to be submitted for amendment to clear up mistakes, and address potential drafting problems with the claims themselves.

4. The court's ordinary deadline for service is 120 days, and before that time period expired the complaint was sent out for service, but very close to the deadline itself due in part to the holiday season, and other work within the office during that time period that required

constant and forthwith attention. Those matters, while not more important than service of process in this case, resulted in expedited proceedings in state courts and demanded a great deal of time over the holidays.

5. The complaint on the County was served on the office of the Sheriff through their civil appointee for service of process on January 16, 2008, or just two days before the Order to Show Cause issued. The service however was simplified after several calls to the sheriff's office resulted in the naming of the agent to accept such service. A process server in Park County was retained and easily served the complaint.

6. This ease of service was not the case with Deputy Sheriff Jeff Wood. No process server could be found in Park County who was able, and willing, to serve an acting deputy sheriff a federal court complaint. This office called bond agents, investigators, other attorneys in and near Park County, and the Jefferson County Sheriffs Department. After over a week of searching no process server was found to be willing to perform this act. The previous agent was unwilling to serve process on this deputy sheriff.

7. Park County is a small county, with a great expanse of rural area and only small towns like Fairplay within its borders. Typically, this counsel uses the Park County Sheriff's Department to perform service of process, even on its own employees; however in this case, the Sheriff's Department was a party to the action and precluded from such employment. F.R.C.P. 4(c)(2).

8. A search was also conducted for Mr. Wood's actual home address; since this information is typically unlisted, Mr. Wood was not easy to locate. As a deputy sheriff he is mobile between Bailey and Fairplay in a sheriff's vehicle, and owns no personal vehicle; his mailing address is a post office box only; and after research, it appeared the only location to serve

2

him was within the confines of a high school where he worked during unknown shifts as a school resource officer. This information was used to re-contact process servers but again none were willing to perform the service.

9. Only two options presented themselves; Mr. Wood was expected in Jefferson County District Court on a date certain; or a process server from Denver, at roughly $125 per attempt, could be sent to Park County to search for Mr. Wood.

10. Mr. Wood was finally served in Jefferson County at court on February 4, 2008. The return of service for both the County, and Deputy Wood, are filed concurrently with this Response.

11. Service was then accomplished within thirty days of the expiration of the time frame for such act under F.R.C.P. 4(m); and the court can, for good cause, allow this short extension for service upon the defendants. No party is prejudiced by such service thirty days after the time frame expired; and the court under rule is allowed to dismiss the action, or to direct that Plaintiff accomplish service within a specified time. Since the alternative of service within a thirty day time period is already met, and within the time frame set by the court in its Order, Plaintiff requests the Order to Show Cause be discharged.

12. The answer to the complaint served upon the county is already due.

13. No other delays in the prosecution of this case are expected; however a motion to amend the complaint is being drafted for filing, with the expectation that this Motion could be submitted to the court once the Order to Show Cause is ruled upon.

14. A Motion to Dismiss was also filed by Defendants in this case after service upon Mr. Wood was accomplished; however the time frame for responding to such motion is not yet expired. It also appears that the Motion, when filed, considered the court already issued an Order to Show Cause; so the relief available under the rule was already contemplated by the order

3

then in existence.  The Motion to Dismiss indicates no actual prejudice to the Defendant which would justify dismissal as the most severe sanction available to the court for any timely filed action.

15. In determining whether dismissal is a just sanction for willful failure to comply with a discovery order, the Tenth Circuit stated district courts should ordinarily consider at least the following factors: (1) the culpability of the non-complying party; (2) the degree of actual prejudice to the party seeking discovery; (3) the amount of interference with the judicial process; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 921. It also stated that " dismissal represents an extreme sanction appropriate only in cases of willful misconduct" and that "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Erenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).  It appears the same criteria could be applied to a motion to dismiss, or the assessment of a request to dismiss an action for failure to serve a party within the confines of F.R.C.P. 4(m).  The facts of this case would not seem to meet any of the criteria above.

## DISCUSSION

Wherefore Plaintiff requests this Honorable Court discharge its order to show cause and allow the case to proceed on its merits.

Respectfully Submitted,

Brian DeBauche & Associates, L.L.C.

By: /s/ *Brian DeBauche*
Brian DeBauche, Esq.
401 Kalamath St.
Denver, CO 80204
(303) 571-5023
FAX: (303) 571-5043
Email: briandebauche@mailml.com
Attorney for Plaintiff

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that on February 7, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

rliechty@crossliechty.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name.

John Wischmeyer
2335 Elm Street
Columbus IN 47201

By: **s/ Brian DeBauche**
Brian DeBauche, Esq.
Registration No. 28593
401 Kalamath St.
Denver, CO 80204
Phone: (303) 571-5023
Fax: (303) 571-5043
bdebauche@qwest.net