IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-CV-01863-LTB-MJW

JOHN WISCHMEYER,

    Plaintiff,

vs.

DEPUTY SHERIFF JEFFREY A. WOOD, in his official and personal capacity, and PARK COUNTY, by and through the Park County Sheriff's Office, a municipality,

    Defendants.

## REPLY REGARDING MOTION TO DISMISS

    Defendants, Deputy Sheriff Jeffrey A. Woods and Park County, by and through their attorney, Robert M. Liechty of CROSS & LIECHTY, P.C., reply to plaintiff's apparent response to the motion to dismiss as follows:

    On February 6, 2008, this Court directed plaintiff to respond by February 19, 2008, to defendants' motion to dismiss under Rule 4(m). Plaintiff filed no pleading designated as such but, apparently, plaintiff's Response to Order to Show Cause, filed on February 7, 2008 (the day after this Court's above Order), is meant as a substitute for this response.

    First of all, plaintiff has not offered either his affidavit, an affidavit from the process server, nor an affidavit from his attorney. Thus, his Response is merely argument. Nonetheless, for purposes of the instant reply, defendants assume that the facts presented in plaintiff's Response are true—actually, the motion turns to a large degree on only one "fact." Plaintiff stated that "a process server in Park County was retained and easily served the complaint" on the

County itself on Wednesday, January 16, 2008.  **See** plaintiff's Response, ¶ 5.  This indicates that plaintiff gave the papers to the process server within the prior week, that is, by Wednesday, January 9, 2007.  Unfortunately, plaintiff has offered no more definite facts than this.

However, service was due a week earlier, on January 3, 2008, and plaintiff makes no attempt to explain why he waited so long to get the papers to the process server except to refer to "other work within the office."  *Id.*, ¶ 4.  Although plaintiff suggested that service on Deputy Woods was more difficult, the process server would have been given papers for him on the same day as for the County, that is, after the Rule 4(m) time had run.  Thus, the length of time to serve the deputy is irrelevant to this motion.

Plaintiff submits that service was timely because it occurred within 30 days of this Court's Order to Show Cause (issued January 18, 2008, two weeks after the Rule 4(m) deadline). **See** plaintiff's Response, ¶¶ 5 and 11.  There is no authority for plaintiff's suggestion that this Court's housekeeping directive somehow altered the requirements of Rule 4(m).  In ¶ 14 of plaintiff's Response, plaintiff again suggests that this Court's Order to Show Cause somehow relieved plaintiff of his burden under Rule 4(m).  That is not the law.  Furthermore, plaintiff's argument that absent prejudice to defendants, late service is excused, has no support in the law: "Although a small delay in achieving service may not prejudice the defendant, absence of prejudice alone does not constitute good cause." ***Kirkland v. Broitman***, 86 F.3d, 172, 176 (10th Cir. 1996).

Finally, plaintiff cites to ***Erenhaus v. Reynolds***, 965 F.2d 916, 920-21 (10th Cir. 1992), which concerned sanctions for failing to comply with a discovery order.  **See** plaintiff's Response, ¶ 15.  That case has nothing to do with the instant matter, which concerns

2

interpretation of a rule promulgated by the U.S. Supreme Court.  See *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).  Although plaintiff suggests that "the same criteria could be applied ... within the confines of F.R.C.P. 4(m)," the clearly-established law regarding Rule 4(m) is to the contrary.  Plaintiff offered this Court no guidance regarding cases construing Rule 4(m).

This case is proceeding under Rule 4(m), which is a modification of the former Rule 4(j). See *Espinoza*, 52 F.3d at 839, fn. 3.  Rule 4(m) incorporates two standards: (1) a mandatory extension of time to complete service if plaintiff shows good cause for failing to complete service within the 120 days and (2) a discretionary extension of time even if there is no good cause shown.[1]  *Id.*, at 841.

There is no good cause to excuse the rule violation.  The Circuit considered a similar situation in **Putnam v. Morris**, 833 F.2d 903 (10th Cir.1987).  In that case, the 120 days ended on March 2. *Id.*, at 904.  Plaintiff's counsel gave the summons and complaint to a process server on February 13, that is, 17 days before the deadline for service. *Id.*, at 905.  However, the process server did not serve the papers until March 5, three days late.  The process server explained that he tried to serve the defendant "at his home every day, but was unsuccessful." *Id.* He eventually served the defendant at his work, but it was too late.  This did not establish good cause.   Surely there is no good cause herein where plaintiff's "facts" suggest that the process server was not even given the papers until after the deadline had passed.

Nor does inadvertence or negligence constitute good cause and "mistake of counsel or ignorance of the rules also usually do not suffice."  *Kirkland*, 86 F.3d at 176.  Finally, "actual notice is not equivalent to a showing of good cause for purposes of Rule 4(f) ... The fact that the

---

[1] Defendant is unaware of an analogous set of standards elsewhere in the law.  It is akin to a person bargaining to buy an item by offering $5-10 for the item.  Why would the seller accept the five dollars?

3

statute of limitations has run, ... does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). **But see** *Espinoza*, 52 F.3d at 842, which says that under the new rule (m), as opposed to the old rule (j), this **may** be a factor. If a defendant intentionally avoids service, this would be good cause, but there are no facts indicating such circumstances herein. *Hendry v. Schneider*, 116 F.3d 446, 448 (10th Cir. 1997).

There are few published cases concerning the discretionary part of this standard. *Espinoza* states that "'relief **may** be justified ... if the applicable statute of limitations would bar the refiled action.'" *Espinoza*, 52 F.3d at 842 (emphasis added). However, that principle does not apply herein because there is a savings statute for refiling the complaint in state court. *Espinoza* also indicates that reasonable time may be granted to cure a failure to serve multiple defendants connected with the United States, which also does not apply herein. *Id.*

Defendants found no other published cases which discuss the discretionary standard of the rule, except cases that remand the issue so the district court could consider it in the first instance. However, the following four unpublished decisions may be of some use. In *Womble v. Salt Late City*, 84 Fed. Appx. 18 (10th Cir. 2003), the district court issued an Order to Show Cause, as this Court did herein. Plaintiff was *pro se* and his

> response to the district court's order [did] not demonstrate cause for his failure to effect service, nor [did] it set forth any reasons why the district court should permissibly extend the 120-day period for service. The district court thus did not abuse its discretion in dismissing Mr. Womble's complaint without prejudice pursuant to Rule 4(m).
>     That Mr. Womble did in fact effect service after the court's order does not alter our analysis. This service was well outside the 120-day period, and was therefore without effect absent a finding of good cause or a permissive extension from the district court.

4

*Id.*, at *20.  That is substantially the same posture as the case herein—plaintiff has not demonstrated good cause nor has he given any reason to extend the time for service except to say that his counsel had other work.  He discusses the fact that the complaint had complexity, **see** plaintiff's Response ¶ ¶ 1-3, but because it had been filed on September 5, 2007, its complexity has nothing to do with its service.  Plaintiff indicates that he provided the process server with the papers after the Rule 4(m) deadline had passed, so the time necessary to physically serve defendants would be irrelevant.  He offers no other reason for the late service except, perhaps, that plaintiff's counsel was unaware of the rule.  In short, this Court has nothing before it except unsupported statements concerning what happened after the Rule 4(m) time had run.  Plaintiff has to provide some type of reason upon which to base the permissive extension besides "oops."

In *May v. Oklahoma Department of Corrections*, 215 F.3d 1337, **2-3 (10th Cir. 2000), the Circuit held that there was no abuse of discretion in dismissing a claim against one of the defendants under Rule 4(m) even though the claim could *not* be refiled due to a statute of limitations bar.  The Circuit in *Wilder v. Knight*, 120 F.3d 272 (10th Cir. 1997), merely stated that because no good cause appeared on the record, it did not appear that the district court abused its discretion, even under the lower standard.  Finally, the Circuit found no abuse of discretion in failing to grant a permissive extension to a plaintiff who had not requested the names of the individual defendants (so he could serve them) until after the 120 days had run.  **See *Ward v. United States Customs Service*, 89 F.3d 852, *1 (10th Cir. 1996).  Furthermore, the Circuit did not remand for a specific finding on this point where it seemed clear that the relief would be denied on remand.  *Id.*, at *2.

In short, this Court has no evidence nor reason before it and, on this basis alone, it should not grant any relief to plaintiff. Furthermore, plaintiff has only argued that it was easy to serve the County two weeks after the deadline, thus indicating that the process server received the papers after the deadline. In this context, any difficulty in serving the deputy is irrelevant. Plaintiff further says that his counsel had other legal work during the holiday season, but he offers no explanation why plaintiff's office (counsel himself does not have to do this) did not have 10 minutes to call a process server sometime in the 120 days prior to the deadline.

Thus, even assuming that the facts in plaintiff's Response are true (to the degree they are not ambiguous), they merely demonstrate that plaintiff provided the process server with the summons and complaint after January 3, 2008, perhaps because plaintiff's counsel was unaware of the rule. There is no law which says that plaintiff is entitled to relief under these facts.

WHEREFORE, defendants respectfully request that this Court grant the motion to dismiss and dismiss without prejudice all claims herein.

Respectfully submitted this February 22, 2008.

> By: s/ *Robert M. Liechty*
> Robert M. Liechty
> CROSS & LIECHTY, P.C.
> 400 So. Colorado Blvd., Suite 900
> Denver, Colorado 80246
> Tel: (303) 333-4122
> Email: rliechty@crossliechty.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on this February 22, 2008, a true and correct copy of the above and foregoing **REPLY REGARDING MOTION TO DISMISS** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Brian DeBauche
BRIAN DEBAUCHE & ASSOC., LLC
401 Kalamath Street
Denver, Colorado 80204-5019

s/     *Linda L. DeVico*