IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 07-CV-01863-LTB-MJW

JOHN WISCHMEYER
Plaintiff,

v.

DEPUTY SHERIFF JEFFREY A. WOOD, in his official and personal capacity,
And PARK COUNTY, by and through the Park County Sheriffs Office,
A municipality,
Defendants.

## SURREPLY TO DEFENDANTS REPLY REGARDING MOTION TO DISMISS

Comes now the Plaintiff by and through counsel Brian DeBauche, Esq. and provides a surreply to the pleading filed by Defendants in support of their motion to dismiss, and states:

1. This case was filed September 5, 2007, as a limitations period was about to expire. As such the complaint was drafted without a great deal of review, and certain mistakes appear in the drafting. The defense indicates there is a "savings clause" that would reinstate this case if dismissed, at the state level; however this counsel is aware of no such clause that would prevent mandatory dismissal of the action if remanded back to state courts; and as Colorado state courts are required to grant motions to dismiss premised on governmental immunity if notice is not provided to state entities, the case could not be filed in state court. The motion to dismiss if granted is therefore dispositive of this case.

2. The court's ordinary deadline for service is 120 days, and before that time period expired the complaint was scheduled for service of process. It is uncontested that the deadline for service was January 3, 2008.

3. During the holiday weeks of December 25, 2007 and January 1, 2008 few government and private offices are open and this counsel's office was closed for most of that time period. Previous to that, the complaint remained scheduled for service but was not served by the due date of January 3, 2008.

4. The complaint on the County was served on the office of the Sheriff through their civil appointee for service of process on January 16, 2008, or just two days before the Order to Show Cause issued. Plaintiff took voluntary steps to serve the defendants in this action before any notice of the Rule 4(m) time frame became an issue in the litigation.

5. Typically, if service is not accomplished within the time frame of a court's order to show cause, and valid efforts are not made in response to such an order, an action may be dismissed without prejudice and such dismissal will be upheld. *Punchard v. State of N.M.*, 69 F.3d 548 (10th Cir. 1993) (plaintiff repeatedly attempted to serve by mail when same was not an authorized method under the available rules).

6. The court must consider whether there is good cause shown for the failure to timely serve a complaint under Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The court must also consider as a second prong of such an inquiry, whether a permissive extension of time may be warranted. *Espinoza*, at 841. The court in that case said,

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Id.

7. A time frame expressed in an Order to Show Cause is treated as a permissive extension upon review; and the court need not authorize a second such deadline. *Punchard*, supra at 548. In this case, Plaintiff served both parties within the thirty days allowed by the court in its Order to Show Cause for the filing of any reply, and met the permissive deadline that is implied therein.

8. Other cases do indeed find that dismissal is proper after lengthy time periods pass without action on a case. Dismissal was proper under Rule 4(m) where plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint. *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998).

9. Failure to remedy defects in service, when notice of such defects is provided within an existing time frame, was held to be sufficient to uphold dismissal of an action. *Jones v. Frank*, 973 F.2d 872 (10th Cir. 1992). The *Jones* court indicated it would not 'sanction Plaintiff's complete failure to correct his service defects after being told what was wrong." *Jones*, at 874. In this action Plaintiff served both parties within the permissive deadline provided by the court; and served one defendant, the County, before an Order to Show Cause even issued.

10. The unpublished cases cited by the Defendant in their reply appear distinct from the facts of this case.

11. The case of *Kirkland v. Broitman*, 86 F.3d 172 (10th Cir. 1996) was decided under Rule 4(j), which requires, or makes mandatory, the dismissal of the action if plaintiffs cannot provide 'good cause' for failure to serve the complaint within 120 days. *Winters v. Teledyne Movible Offshore, Inc.* 776 F.2d 1304 (5th Cir. 1985). There was no other permissive extension of time allowed by the rule; and merely serving the complaint one day late required dismissal.

3

    *Kirkland*, at 176.  This was the same rule applied to the case of *Putnam v. Morris*, 833 F.2d 903 (10th Cir. 1987), where service of process was accomplished three days late.

12. The rule was subsequently amended to allow for less rigid standards, to the current Rule 4(m).  The cases under this rule allow for discretionary extensions of time, to include the time period provided in an Order to Show Cause.

13. *Ward v. U.S. Customs Service*, 89 F.3d 851 (10th Cir. 1996) involved plaintiffs who filed a complaint against unnamed agents of the government; and never named, or attempted to identify and serve, the unnamed defendants.  Service was never accomplished during the action, and the 10th Circuit upheld dismissal of the action under current Rule 4(m) as further efforts to grant even a discretionary enlargement of time was held to be a waste of valuable judicial resources.

14. *Wilder v. Knight*, 120 F.3d 272 (10th Cir. 1997) was a case involving a pro se Plaintiff who simply completed summonses for the defendants, and forwarded them to the office of the marshal for service; he neither mailed copies of his complaint and summons, nor followed up the request for service through the marshal's office.  His action was filed November 13, 1995; and remained pending until June 20, 1996, or over seven months, when the court finally dismissed the action.

15. *May v. Oklahoma Dept. of* Corrections, 215 F.3d 1337 (10th Cir. 2000), appears to be litigation also instituted by an inmate; in that case the inmate was ordered by the magistrate to serve the defendants within a permissive fifteen day extension or show good cause why those defendants should not be dismissed from the suit.  Defendant failed to serve the relevant defendants and the magistrates recommendation for dismissal was adopted.  Since service in that case was never validly accomplished as to another one of the defendants, the court was

authorized to dismiss the action as to that defendant under Rule 4(m). The court did not authorize a second extension of time, when the first did not result in any new valid effort to accomplish service.

16. In that case, however, the court discussed one of the primary concerns in this suit; that a suit barred by a limitations date should not be dismissed but be granted a permissive extension of time. *see* Fed. R. Civ. P. 4(m), advisory committee's note ("Relief may be justified . . . if the applicable statute of limitations would bar the refiled action."). This is the same concern identified in state court actions, which requires a case may be dismissed if not prosecuted with due diligence; but only after reasonable notice is provided to a litigant. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340 (Colo. 1985). "Rule 4(m), however, has been construed more liberally by bankruptcy courts, especially where, as in the present matter, the plaintiff would be time-barred from filing a new action notwithstanding that the rule compels that the dismissal be "without prejudice."" *In Re Love*, 232 B.R. 373 (Bankr. E.D. Tenn., 1999) citing to *Henderson v. United States*, 517 U&.S. 654, 663, 116 S.C.t 1638, 1643, 134 L.Ed.2d 880 (1996). Relief may be justified, for example, *if the applicable statute of limitations would bar the refiled action,* or if the defendant is evading service or conceals a defect in attempted service. *Westfield Ins. Co. v. Madar (In re Madar*I, 218 B.R. 382 (Bankr. E.D. Mich. 1998).

17. In *Womble v. Salt Lake City*, 84 Fed. Appx. 18 (10th Cir. 2003), the Plaintiff in that action was not even subject to an order to show cause until nearly fifteen months after the filing of the complaint. Plaintiff then served the defendants, without sufficient explanation for his delay of over a year. The service upon defendants was held to be so untimely, as to be ineffective for being "well outside the 120-day period" and therefore without effect if the district court

    did not grant an extension of time.  This case is not in "the same posture" since service was accomplished not fifteen months after the suit was filed; but within thirty days of the time frame expressed in Rule 4(m), and within the time for responding to the court's Order to Show Cause.

18. The Defendants provide no showing of prejudice for any such delay in service, as none presumably exist.  The prejudice to the Plaintiff however will be complete as the action cannot be refiled.  Plaintiff therefore requests the court allow its order to show cause to serve as the permissive extension of time provided for in Rule 4(m).

## **DISCUSSION**

Wherefore Plaintiff requests this Honorable Court deny the motion to dismiss, and set a time frame in which Defendants must answer.

6

Respectfully Submitted,

Brian DeBauche & Associates, L.L.C.

By: */s/ Brian DeBauche*
    Brian DeBauche, Esq.
    401 Kalamath St.
    Denver, CO 80204
    (303) 571-5023
    FAX: (303) 571-5043
    Email: briandebauche@mailml.com
    Attorney for Plaintiff

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that on March 12, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

rliechty@crossliechty.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name.

John Wischmeyer
2335 Elm Street
Columbus IN 47201

By: **s/ Brian DeBauche**
    Brian DeBauche, Esq.
    Registration No. 28593
    401 Kalamath St.
    Denver, CO 80204
    Phone: (303) 571-5023
    Fax: (303) 571-5043
    bdebauche@qwest.net