IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-01863-LTB

JOHN WISCHMEYER,

    Plaintiff,

v.

DEPUTY SHERIFF JEFFREY A. WOOD, in his official and personal capacity,
and PARK COUNTY, by and through the Park County Sheriffs Office, a municipality,

    Defendants.
_____

**ORDER**
_____

This police misconduct case is before me on the motion of Defendants, Deputy Sheriff Jeffrey A. Wood ("Wood") and Park County, Colorado ("Park County"), to dismiss this case under FED. R. CIV. P. 4(m) [**Docket # 5**], Plaintiff's Response [**Docket # 8**], Defendant's Reply [**Docket # 12**], and Plaintiff's Surreply [**Docket # 17**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Defendants' Motion to Dismiss Under Rule 4(m) [**Docket # 5**].

**I. BACKGROUND**

Plaintiff alleges he was violently arrested without provocation by Defendant Wood—a Park County Deputy Sheriff—on September 5, 2005. Plaintiff claims injuries including physical injury, medical expenses, emotional distress, and loss of liberty. Plaintiff claims he was attacked "pursuant to policies, practices and customary but largely unwritten procedures employed by the Park County Sheriffs Office." *See Complaint* [**Docket # 1**]. Plaintiff claims Park County failed

to adequately supervise or train Wood, and failed to take remedial measures after the September 5, 2005, incident.

On September 5, 2007, Plaintiff filed the present suit alleging four claims of deprivation of civil rights in violation of 42 U.S.C. § 1983, and one claim of supervisor and municipal liability against Park County for the actions of Wood. On January 18, 2008, this Court—noting Plaintiff had failed to serve Defendants—issued an order to show cause why the case should not be dismissed without prejudice for failure to serve the opposing party within 120 days following the filing of the complaint as required by FED. R. CIV. P. 4(m) [**Docket # 4**].

On February 5, 2008, Defendants filed the present Motion to Dismiss under Rule 4(m) [**Docket # 5**]. On February 6, 2008, this Court issued an Order [**Docket # 6**] directing Plaintiff to respond to Defendants' motion by February 19, 2008. Plaintiff filed his Response to Order to Show Cause [**Docket #8**] on February 7, 2008. Presumably, this filing was also intended to be a response to the present motion. Defendants filed a reply regarding the motion to dismiss on February 22, 2008 [**Docket # 12**], and Plaintiff filed a surreply with the Court's permission on March 12, 2008 [**Docket # 17**].

## II. DISCUSSION

Defendants seek dismissal of Plaintiff's complaint under FED. R. CIV. P. 4(m). Under Rule 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." It is undisputed that the defendants in this case were not served within 120

days after the complaint was filed. This case was filed on September 5, 2007. Plaintiff served Park County on January 16, 2008, and Deputy Wood on February 4, 2008.

Under Rule 4(m), if the defendant in a civil action is not served within 120 days after the complaint is filed, a district court generally has discretion to either dismiss the case or reasonably extend the time for service. *See Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995). If Plaintiff shows good cause for the delay, however, the district court must extend the time to serve the defendant. *Id*. at 841. Thus—as the Tenth Circuit noted in *Espinoza*—a Rule 4(m) inquiry involves a two-step analysis: "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.*

The Tenth Circuit has extended the analysis of what constituted "good cause" under the pre-1993 amendment Rule 4(j) to the "good cause" inquiry under the post-1993 amendment Rule 4(m). *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436 (10th Cir. 1994)). "Good cause" can be shown by demonstrating a defendant evaded service, *see Cox v. Sandia Corp*., 941 F.2d 1124, 1125 (10th Cir. 1991), or some other "showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance with the time specified," *In re Kirkland*, 86 F.3d at 175 (citations omitted).

"A plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *In re Kirkland*, *supra*, 86 F.3d at 176. A district court "is clearly not compelled to accept a lesser 'excusable neglect' showing." *Id*. Thus, change of counsel,

3

inadvertent oversight on the part of counsel, or inadequate performance of a process server form insufficient excuses for failure to effect service within the 120-day period. *See Cox*, *supra*, 941 F.2d at 1125 (discussing cases); *Carlson v. Nat'l Petroleum, Inc.*, 135 F.R.D. 193, 195 (D. Colo. 1991).

Plaintiff argues good cause is shown for the failure to serve because: (1) present counsel was substituted for original counsel, (2) Plaintiff's counsel—although it is unclear which counsel—was busy over the "holiday season," and (3) it was difficult to serve Deputy Wood because Park County processors were reluctant to serve an acting deputy sheriff and because Wood's home address was unlisted and he was difficult to locate (Wood was eventually served when he appeared in a Jefferson County court on February 4, 2008, on an unrelated matter).

These arguments are insufficient to show "good cause" for the delay here. Plaintiff makes no showing that he attempted in good faith to serve either Defendant during the 120-day period. At best, Plaintiff's unsupported arguments demonstrate only that Defendant Wood was difficult to locate after the 120-day period already expired, and fail to make any mention of an attempt to effect service within the 120-day period. Moreover, Plaintiff concedes Park County was "easily served," *see* Response to Order to Show Cause [**Docket # 8**], but does not demonstrate any good faith reason why no attempt to serve Park County was made within the 120-day period.

Plaintiff's contention that a less-than-30-day delay in service was not prejudicial to Defendants—even if true, which not undisputed—also fails to show good cause. *See Despain*, *supra*, 13 F.3d at 1439 ("The absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiffs."). Accordingly, Plaintiff's justifications for failing to

4

serve Defendants within the 120-day period do not amount to "good cause" under Rule 4(m), and Plaintiff is not entitled to a mandatory extension of the period for service.

Even though Plaintiff has not shown "good cause" for his failure to serve Defendants within the 120-day period, this does not end my inquiry. *See Espinoza*, *supra*, 52 F.3d at 841. While prejudice to the Plaintiff resulting from Plaintiff's inability to refile due to the expiration of the statute of limitations does not demonstrate "good cause" under Rule 4(m), it may be considered when determining whether to allow permissive extension. *See id*. at 841–42; *Despain*, 13 F.3d at 1439. In this case, however, the Colorado savings statute allows Plaintiff to refile in state court when his case is dismissed for lack of personal jurisdiction. *See* COLO. REV. STAT. § 13-80-111. As case law construing the rule makes clear, dismissal under Rule 4(m) is for lack of personal jurisdiction. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Williamson v. Sena*, 229 F.R.D. 663, 668 (D.N.M. 2005) (holding dismissal under Rule 4(m) is for lack of personal jurisdiction). Thus, Plaintiff may be allowed to refile his case in Colorado state court, even if dismissed here. Although refiling may be inconvenient to Plaintiff, this does not persuade me to allow a permissive extension in this case.

I am also unpersuaded by Plaintiff's other "justifications" for failing to timely effect service. It appears from the record that Plaintiff retained present counsel sometime after this Court issued the January 18, 2008, Order to Show Cause in this case. *See* Docket ## 4, 7, 10. The Order to Show Cause, however, was not issued until after the 120-day period had already run. Likewise, although the Plaintiff argues—without evidentiary support—that municipal

5

offices and officers are unreachable during the late-December/early-January "holiday season," this does not excuse Plaintiff's failure to attempt service in the nearly-three-month period between September 5, 2007, and the "holiday season."

As the Tenth Circuit noted in *Cox*: "one commentator has observed: 'The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb.'" *Cox*, *supra*, 941 F.2d at 1126 (quoting David D. Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions*, 96 F.R.D. 88, 109 (1983)). Plaintiff's meager justifications for failing to effect service are insufficient to persuade me to allow a permissive extension of the time for service in this case. That Plaintiff did, in fact, effect service after the 120-day period does not alter my analysis. *See Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003).

### III. CONCLUSION

Accordingly, I GRANT Defendants' Motion to Dismiss Under Rule 4(m) [**Docket # 5**] and DISMISS this case WITHOUT PREJUDICE.

Dated: June   2  , 2008.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge